UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | June 26, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING Plaintiff's Ex Parte Application for TRO and Setting the Hearing on Preliminary Injunction

On June 24, 2008, Plaintiff Melt Franchising, LLC ("Melt" or "Plaintiff") filed an ex parte application for a temporary restraining order ("TRO") and issuance of order to show cause re preliminary injunction against Defendants PMI Enterprises, Inc. and John Flannery ("Defendants").

On May 12, 2007, Plaintiff and Defendant Flannery entered into a written franchise agreement ("Franchise Agreement") which permitted Defendants to sell Melt gelato, use Melt Marks, and operate a Melt gelato & crepe café in Braintree, Massachusetts. On May 1, 2008, Plaintiff terminated the Franchise Agreement for cause, allegedly due to Defendants' failure to pay royalties and promotion fees, follow franchise policies and procedures, maintain franchise quality standards, and provide timely financial reporting to Melt regarding its monthly sales. Plaintiff now seeks an order directing Defendants to (1) comply with Section 13.D of the Franchise Agreement requiring them to allow Melt to assume management of the Melt Braintree Location; (2) comply with Section 14.A of the Franchise Agreement requiring them to cease using all Melt's Marks; (3) comply with Section 14.B of the Franchise Agreement requiring them to submit all necessary paperwork to assign to Melt their lease for the Braintree Location; and (4) comply with Section 14.B of the Franchise Agreement requiring them to sell all or any portion of the assets at the Braintree Location.

An application for a TRO should be filed as soon as soon as possible after the moving

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | June 26, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., *et al.* | | |

party learns of the need for a TRO.  3 Schwarzer, Tashima & Wagstaffe, California Practice Guide: *Federal Civil Procedure Before Trial* (2007), 13:87 at 13-53.  Here, Plaintiff terminated the Licensing Agreement on May 1, 2008, but did not file this ex parte application until June 24, 2008.  That nearly two months have passed contravenes Plaintiff's assertion that it would suffer irreparable harm because it will not be allowed to operate the Braintree Location in accordance with Plaintiff's standards, and because it cannot preserve its established goodwill since Plaintiff is selling non-Melt gelato and displaying the gelato in a manner which does not conform to Melt's unique method of display.  Plaintiff could have filed a noticed motion for preliminary injunction back in May, thus eliminating the need for an ex parte motion for TRO filed at this time.  Therefore, Plaintiff's ex parte application for a TRO is DENIED.  However, the Court will set a briefing schedule with respect to the requested preliminary injunction.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte application for a temporary restraining order is DENIED;

2. Plaintiff shall serve on Defendants a copy of the application for TRO and order to show cause re preliminary injunction and all supporting declarations, as well as a copy of this Minute Order, no later than Thursday, July 3, 2008;

2. Defendants are directed to file an opposition to Plaintiffs' motion for preliminary injunction no later than Thursday, July 17, 2008;

3. Plaintiff may file a reply brief no later than Thursday, July 24 2008; and

4. The hearing on this matter will be held in this Court on Tuesday, July 29, 2008 at 10:00 a.m.

IT IS SO ORDERED.