O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present                              Not Present

**Proceedings:**     **(In Chambers) Order DENYING Defendant's Motion to Dismiss (DOCUMENT #17), and GRANTING Plaintiff's Motion for Preliminary Injunction (DOCUMENT #3)**

Pending before this Court are two motions: (1) Defendants' Motion to Dismiss for Lack of Jurisdiction and Improper Venue, or in the Alternative Transfer Pursuant to 28 U.S.C. §§ 1406(A) or 1404(A); and (2) Plaintiff's Motion for Preliminary Injunction. The Court finds these matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court DENIES Defendants' motion, and GRANTS Plaintiff's Motion.

On May 12, 2007, Plaintiff Melt Franchising, LLC ("Melt" or "Plaintiff") and Defendant John Flannery ("Flannery") entered into a written franchise agreement ("Franchise Agreement"). Subsequently, Flannery transferred the Franchise Agreement and the franchise business to his company, PMI Enterprises, Inc. ("PMI").[1] The Franchise Agreement permitted Defendants to sell Melt gelato, operate a Melt gelato and crepe café in Braintree, Massachusetts, and use Melt's registered trademarks - "Melt gelato italiano," "Melt café & gelato bar," and "Melt gelato & crepe café (collectively "Melt Marks"). On May 1, 2008, Plaintiff terminated the Franchise Agreement for cause, allegedly due to Defendants' failure to pay royalties and promotion fees, follow franchise policies and procedures, maintain franchise quality standards, and provide timely financial reporting to Melt regarding its monthly sales.

On June 24, 2008, Plaintiff Melt filed an *ex parte* application for a temporary restraining

---

[1] Flannery and PMI are collectively referred to as "Defendants."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., *et al.* | | |

order ("TRO") and issuance of order to show cause re preliminary injunction against Defendants (hereinafter referred to as "Motion"). Plaintiff sought an order directing Defendants to (1) comply with Section 13.D of the Franchise Agreement requiring them to allow Melt to assume management of the Melt Braintree Location; (2) comply with Section 14.A of the Franchise Agreement requiring them to cease all use of Melt's marks; (3) comply with Section 14.A of the Franchise Agreement requiring them to submit all necessary paperwork to assign to Melt their lease for the Braintree Location; and (4) comply with Section 14.B of the Franchise Agreement requiring them to sell all or any portions of the assets at the Braintree Location. (Motion at 16-17.) On June 26, 2008, the Court denied the TRO and set the preliminary injunction hearing for July 29, 2008.

On July 10, 2008, Defendants brought a motion to dismiss Plaintiff's claims for lack of personal jurisdiction and improper venue. Alternatively, Defendants asked the Court to transfer the action to Massachusetts pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a). On July 18, 2008, the Court continued the preliminary injunction hearing to August 4, 2008 so that it could rule on both the motion to dismiss or transfer and the preliminary injunction at the same time. Plaintiff, in its Opposition, asked the Court to impose sanctions against Flannery and/or Attorney Bleau for purposefully filing the motion in bad faith. These motions are now before the Court.

II.     MOTION TO DISMISS

    A.     Legal Standard

          1.     *Lack of Personal Jurisdiction: Rule 12(b)(2)*

Fed. R. Civ. P. 12(b)(2) provides that a court may dismiss a motion for "lack of jurisdiction over the person." If personal jurisdiction is challenged, the plaintiff bears the burden of establishing the district court's personal jurisdiction over the defendant. *Doe I v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). However, without an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction in order to avoid the motion to dismiss. *See id.*; *see also Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). In this context, a "prima facie" showing means that plaintiff has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. *See Doe I*, 248 F.3d at 922.

          2.     *Improper Venue: Rule 12(b)(3)*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., *et al.* | | |

A motion to enforce a forum selection clause is treated as a motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). *Kukje Hwajae Ins. Co., Ltd. v. M/V Hyundai Liberty*, 294 F.3d 1171, 1174 (9th Cir. 2002), *vacated on other grounds*, 543 U.S. 985, 125 S.Ct. 494, 160 L.Ed.2d 368 (2004). The plaintiff bears the burden of showing that venue is proper in the chosen district. *Koresko v. RealNetworks, Inc.*, 291 F. Supp. 2d 1157, 1160 (E.D. Cal. 2003). In determining a Rule 12(b)(3) motion, the court may consider facts outside the pleadings without transforming it into a motion for summary judgment. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). Furthermore, the court need not accept the plaintiff's pleadings as true, but the court must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party. *See Am. Home Assurance Co. v. TGL Container Lines, Ltd.*, 347 F. Supp. 2d 749, 755 (N.D. Cal. 2004) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004)).

  B. <u>Discussion</u>

    *1.* *Personal Jurisdiction*

Cal. Code Civ. P. § 410.10 grants "[a] court of this state . . . jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." The effect of this statute is to allow state and federal courts to exercise personal jurisdiction on any basis allowable under the State and United States Constitutions. *See Rocke v. Canadian Auto. Sport Club*, 660 F.2d 395, 398 (9th Cir. 1981).

Absent one of the traditional bases for jurisdiction–in-state presence, domicile, or consent–the Constitution requires that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). There are two ways in which to satisfy the "minimum contacts" requirement. First, general personal jurisdiction can be established if the defendants activities in the forum are "substantial, continuous and systematic." *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445, 72 S. Ct. 413, 96 L. Ed. 485 (1952). Second, defendants can be subject to specific personal jurisdiction under the Ninth Circuit three-prong test: (1) defendant must have done some act which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Corp. Inv. Bus. Brokers v. Melcher*, 824 F.2d 786, 789 (9th Cir. 1987); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., *et al.* | | |

      Defendants argue that under either standard, the Court lacks personal jurisdiction over Defendants. Defendants contend that no general personal jurisdiction exists because they have not had "substantial and continuous" contact with California. Defendants state that they are residents of Massachusetts and New Hampshire, respectively, that they derive the entirety of their business from Massachusetts, and that they have not solicited business in California.

      Defendants further argue that the Court cannot exercise specific jurisdiction over them under the Ninth Circuit three-prong test. First, Defendants assert that they have not purposefully availed themselves of the privileges of this forum. According to Defendants, they operate a single ice cream shop in Braintree, Massachusetts, have not sought to do business outside their local geographic area, and have not engaged in any affirmative conduct that promotes their business in California. Second, Defendants contend that the claims do not arise out of their forum-related conduct since they have not had contact with California and the claims arose from an alleged breach in Massachusetts. Third, as residents of New Hampshire and Massachusetts, the exercise of jurisdiction would not be reasonable because defending a claim in California would place an excessive burden on Defendants.

      Plaintiff, on the other hand, sets forth three theories as to why this Court can exercise personal jurisdiction over Defendants: (1) Defendants explicitly consented to personal jurisdiction in this Court through a forum selection clause; (2) Defendants implicitly consented to jurisdiction by filing a claim against Melt in California state court, an action that is still pending[2]; and (3) Defendants satisfy the Ninth Circuit three-prong test establishing personal jurisdiction.

      The Court finds that, under Plaintiff's forum-selection clause theory, personal jurisdiction exists against Defendants. In a federal question action such as this one, the validity and effect of a forum-selection clause is controlled by federal standards. *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 588-89, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991); *TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1353 (9th Cir. 1990). Forum selection clauses are presumed valid unless the party challenging enforcement demonstrates that the clause is "invalid" or that its enforcement would be "unreasonable." *M/S Bremen v. Zapata Off-Shore*

---

      [2] In September 2007, a number of Melt Franchises, represented by attorney Thomas P. Bleau, filed a class action suit against Melt in Los Angeles County Superior Court. In February 2008, the state court allowed the franchisees to file a second amended complaint. On March 13, 2008, Flannery and PMI were added to the complaint as plaintiffs. (Mulcahy Dec., Ex. 3.)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., *et al.* | | |

*Co.*, 407 U.S. 1, 12, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972); *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004). "The party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" *Murphy*, 362 F.3d at 1140 (quoting *M/S Bremen*, 407 U.S. at 15). Enforcement of a forum selection clause may be "unreasonable" if: (1) the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; or (3) enforcement would contravene a strong public policy of which the suit is brought. *Id.*

Here, it is evident to the Court that the forum selection clause is valid and enforceable. The forum selection clause in the Franchise Agreement states that:

> Any cause of action, claim, suit or demand allegedly arising from or related to the terms of this Agreement or the relationship of the parties that is not subject to arbitration under Paragraph 12, must be brought in any state or federal court in Los Angeles County, California.[3] Both parties hereto irrevocably submit themselves to, and consent to, the jurisdiction of said courts.

(Barwin Dec. in Supp. of Opp'n to Motion, Ex. 1 "Franchise Agreement" at 30, ¶ 15.I.)

The clear language of this provision mandates that venue for any dispute, not covered by the arbitration section, must be brought in Los Angeles County, California. Plaintiff's claims are for injunctive relief and trademark infringement under the Lanham Act. These claims fall within the contractual exceptions to mandatory arbitration, and therefore must be brought within any court in Los Angeles County, California. In addition, the forum selection clause clearly establishes that both parties have waived personal jurisdiction objections and have consented to the jurisdiction of any state or federal court in Los Angeles County. Given that Defendants have not demonstrated that the forum selection clause is "unreasonable" or invalid due to fraud or

---

[3] Paragraph 12.B recognizes an injunctive relief exemption from arbitration. It states that in the event of a breach or threatened breach by either party the injured party is entitled to injunctive relief until a final determination is reached. In addition, the Franchisor is given a right to commerce a civil action against the franchisee to "compel compliance with trademark standards and requirements to protect the goodwill of the Trademarks." (Barwin Dec. in Supp. of Opp'n to Motion, Ex. 1 "Franchise Agreement" ¶ 12.B.)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., *et al.* | | |

overreaching, the Court finds the clause valid and enforceable. Therefore, the Court concludes that personal jurisdiction over Defendants exists in this forum, and the Court need not address Plaintiff's other arguments in favor of personal jurisdiction.

      2.    *Venue*

Defendants also contend that venue is not proper pursuant to 28 U.S.C. § 1391(b) and thus the Court should either dismiss the action or transfer it to Massachusetts pursuant to 28 U.S.C. § 1406(a). Title 28 U.S.C. § 1391(b) provides for venue in federal question actions. "Subsection (b) provides that venue is proper only in a judicial district: (1) where any defendant resides, if all defendants reside in the same State; (2) where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) where any defendant may be found, if there is no district in which the action may otherwise be brought." *Injen Tech. Co. Ltd. v. Advanced Engine Mgmt. Inc.*, 270 F. Supp. 2d 1189, 1192 (S.D. Cal. 2003); *see* 28 U.S.C. § 1391(b). Title 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

As discussed above, the forum selection clause clearly states that the only proper venue for claims between the parties is any state or federal court in Los Angeles County, California. Defendants have not alleged any reasons why the forum selection clause is "invalid" or "unreasonable" and should not be enforced. Therefore, the Court concludes that venue is proper under the forum selection clause. As such, the Court DENIES Defendants' motion to dismiss for improper venue and DENIES Defendants' motion to transfer pursuant to § 1406(a).

      3.    *Transfer Pursuant to 28 U.S.C. § 1404(a)*

Additionally, Defendants seek to transfer the action to Massachusetts pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under this section, the moving party bear the burden of demonstrating that a transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Generally, defendants "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The decision whether to transfer venue lies in the discretion of the district court. *Creative Tech. Ltd., v. Aztech Sys. Pte., Ltd.*, 61

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., *et al.* | | |

F.3d 696, 699 (9th Cir. 1995). The district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)). In determining proper venue, the court considers both public and private factors affecting the convenience of the forum. *Creative Tech. Ltd.*, 61 F.3d at 699.

     Private factors include the relative ease of access to sources of proof; compulsory process to obtain the attendance of hostile witnesses, and the cost of transporting friendly witnesses; the possibility of viewing subject premises; and other factors contributing to an expeditious and inexpensive trial. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055 (1947), *superseded by statute on other grounds as recognized in Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.*, 725 F. Supp. 317 (S.D. Miss. 1989). Public factors include administrative difficulties flowing from court congestion; imposition of jury duty on the people of a community unrelated to the litigation; the local interest in resolving the controversy at home; the interest in having a diversity case tried in a forum familiar with the law that governs the action; and the avoidance of unnecessary conflicts of law problems. *Gemini Capital Group, Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1093-94 (9th Cir. 1998). The presence of a forum selection clause is not determinative of the issue. *Stewart Org., Inc.*, 487 U.S. at 32. Instead, the presence of a valid forum selection clause is one factor that will figure centrally in the analysis by the court and which should receive "neither dispositive consideration nor no consideration." *Id.* at 23.

     According to Defendants, Massachusetts is a more convenient forum because Defendants are residents of New Hampshire and Massachusetts, and their employees, business, and advertising are located in Massachusetts or New Hampshire. In addition, Defendants emphasize that the Court may not have subpoena power over the employees and nonparty witnesses, and that the allegations against them arise from conduct that occurred in Massachusetts.

     Plaintiff responds that the public and private interest factors weigh in favor of keeping the case in California, and that transferring the case to Massachusetts would not make the trial more convenient and inexpensive. Plaintiff points out that modern transportation has reduced the burden of traveling for out-of-forum witnesses. Plaintiff also highlights that no germane conflict exists between California and Massachusetts law with respect to sovereignty, and thus this factor does not weigh in favor of transferring the case. Not only does California have a strong interest in seeing that a business headquartered in California is protected from wrongful conduct and given a means of redress, but the California forum is also more efficient because this Court is

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., *et al.* | | |

already familiar with the case. Lastly, Plaintiff argues that most of Melt's witnesses and documents are in California. Thus, from Melt's perspective, California is the most convenient and effective forum because it is Melt's principal place of business, the damage witnesses are located in California, Melt is a small company with limited staff, and Melt has already been litigating against Flannery since March 13, 2008 in state court.

On balancing the public and private interest factors, the Court finds that Defendants have failed to make "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *See Decker Coal Co.*, 805 F.2d at 843. Because witnesses and documents reside in both California and Massachusetts, this factor is relatively neutral. As for Defendants' inconvenience argument, this is undercut by the fact that Defendants are plaintiffs in a pending California state court suit against Melt. Finally, the presence of a valid forum selection clause favors upholding Plaintiff's choice of forum. Accordingly, the Court DENIES Defendants' motion to transfer pursuant to § 1404(a).

III.     PRELIMINARY INJUNCTION

    A.     Legal Standard

A preliminary injunction is a provisional remedy issued prior to final disposition of the litigation whose function is to preserve the status quo and to prevent irreparable loss of rights prior to judgment. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A preliminary injunction is a drastic and extraordinary remedy" that is not routinely granted. *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993), *cert. denied*, 510 U.S. 1092, 114 S. Ct. 923, 127 L. Ed. 2d 216 (1994).

The Ninth Circuit recognizes two tests for determining whether to grant a preliminary injunction: the traditional test and the alternative test. *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). Under the traditional test, "a court may issue a preliminary injunction if it finds that (1) the [moving party] will suffer irreparable injury if injunctive relief is not granted; (2) the [moving party] will probably prevail on the merits; (3) in balancing the equities the [non-moving party] will not be harmed more than the [moving party] is helped by the injunction, and (4) granting the injunction is in the public interest. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319 (9th Cir. 1994).

Under the alternative test, the court balances the plaintiff's likelihood of success against the relative hardship to the parties. *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115,

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., *et al.* | | |

1118 (9th Cir. 1999). To obtain a preliminary injunction, the plaintiff must demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor. *See id.* The formulation under the alternative test represents two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Diamontiney v. Borg*, 918 F.2d 793, 795 (9th Cir. 1990). Under either formulation, the moving party must show a fair chance of success on the merits. *Stanley*, 13 F.3d at 1319.

 B. Discussion

In its moving papers, Plaintiff Melt claims that a preliminary injunction against Defendants is necessary in order to prevent further erosion of the franchise system's established goodwill and good name. Melt argues that it has satisfied the general equitable requirements needed under the applicable Ninth Circuit tests and thus is entitled to injunctive relief. Although Defendants have filed an opposition, it fails to address the merits of the motion and instead simply reiterates Defendants' personal jurisdiction arguments. For the reasons discussed below, the Court grants the motion for a preliminary injunction, the Court finds that Plaintiff has adequately established its entitlement to a preliminary injunction.

  *1. Likelihood of Success on the Merits*

To obtain a preliminary injunction, the plaintiff must show that it is likely to prevail on the merits. *Ashcroft v. Am. Civil Liberties Union*, 542 U.S. 656, 665, 124 S. Ct. 2783, 159 L. Ed. 2d 690 (2004). A reasonable probability of success, not an overwhelming likelihood, is all that needs to be shown for preliminary injunctive relief. *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th. Cir 1991). Likelihood of success must be examined in the context of plaintiff's showing regarding irreparable harm and the parties' relative hardships. *See Bernard v. Air Line Pilots Ass'n., Intern., AFL-CIO*, 873 F.2d 213, 217 (9th Cir. 1989).

The normal calculus is altered somewhat in a trademark infringement case, in that "[i]rreparable injury is ordinarily presumed upon a showing of a likelihood of success." *Abercrombie & Fitch Co. v. Moose Creek, Inc.*, 486 F.3d 629, 633 (9th Cir. 2007); *Visions Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 612 n. 3 (9th Cir. 1989) ("In trademark infringement or unfair competition actions, once the plaintiff establishes a likelihood of confusion, it is ordinarily presumed that the plaintiff will suffer irreparable harm if injunctive relief is not granted.").

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., *et al.* | | |

*(i)     Trademark Infringement*

In order to prove trademark infringement, a plaintiff must show ownership of a trademark and likelihood of consumer confusion.  *See Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 841 (9th Cir. 1987).  Registration of the mark constitutes prima facie evidence of both the validity of the registered mark and the claimant's exclusive right to use the mark.  *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999).  In a traditional trademark infringement suit, the court determines the likelihood of confusion according to the eight factors established in *AMF, Inc. v. Sleekcraft Boats,* 599 F.2d 341, 348-49 (9th Cir. 1979).  In a dispute between a licensee and licensor, however, the inquiry is different since the marks are identical.  *Robert Trent Jones II, Inc. v. GFSI, Inc.*, 537 F.Supp.2d 1061, 1065 (N.D.Cal. 2008).  Thus, "[w]here a licensee persists in the unauthorized use of a licensor's trademark, courts have found that the continued use alone establishes a likelihood of consumer confusion."  *Sun Microsystems v. Microsoft Corp.*, 999 F.Supp. 1301, 1311 (N.D.Cal. 1998) (citing *Paisa, Inc. v. N & G Auto, Inc.*, 928 F.Supp. 1009, 1012 n. 4 (C.D.Cal. 1996); *Hollywood Athletic Club v. GHAC-CityWalk*, 938 F.Supp. 612, 614-15 (C.D.Cal. 1996)).

Melt has submitted evidence, *i.e.,* declarations and records from the Patent and Trademark Office, clearly showing that it owns a protectable interest in the Melt Marks. (Barwin Dec. in Supp. of *Ex Parte* App., ¶ 2 & Ex. 1 " Patent and Trademark Office Record".)  In addition, Melt has produced evidence showing that Defendants continue to use Melt Marks on their signs, displays, menu boards, printed materials and other materials.  (Id., ¶ 20.) Therefore, it is highly probable that Melt will succeed on the merits of its claim against Defendants for trademark infringement.

*(ii)     Specific Performance of Post-Termination Obligations*

Plaintiff is also likely to succeed on the merits of its claim for specific performance against Defendants with respect to its post-default and/or post-termination rights under the Franchise Agreement.  Under the Franchise Agreement, upon their default, Defendants are required (1) to allow Melt to assume management of the Melt store (Section 13.D), (2) to immediately and permanently stop using Melt's Mark and cease operations as a Melt store (Section 14.A), (3) to assign to Melt any remaining interest in any lease then in effect at the Melt Braintree Location (Section 14.A), and (4) to sell the assets at the Melt Braintree Location to Melt (Section 14.B).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., *et al.* | | |

Pursuant to the Franchise Agreement, the parties are governed by the laws in the state in which the franchise is located, which in this case is Massachusetts. (Franchise Agreement, ¶ H.1.) Massachusetts law liberally grants specific performance as a form of remedy: "contracting parties . . . have available the equitable remedy of specific performance, a decree ordering a party to affirmatively carry out his contractual duties or enjoining it from violating the contract." *In re Aerovox, Inc.*, 281 B.R. 419 (D. Mass. 2002). The "question whether a contract will or will not be specifically enforced depends upon the question whether the thing contracted for can be purchased by the plaintiff, and whether damages are adequate compensation for a breach." *Rigs v. Sokol*, 318 Mass. 337, 342 (1945) (citing *Butterick Pub. Co. v. Fisher*, 203 Mass. 122 (1909). Among the factors considered, "the most important seem to be . . . difficulty and uncertainty in determining th amount of damages to be awarded for the defendant's breach; . . . [and] the insufficiency of money damages to obtain the duplicate or the substantial equivalent of the promised performance, either because the subject matter is unique in character and cannot be duplicated or because the obtaining of a substantial equivalent involves difficulty, delay, or inconvenience." *In re Aerovox, Inc.*, 281 B.R. at 434 (internal citation omitted).

Under Massachusetts' law, Melt will likely succeed on the claim for specific performance because the post-default and/or post-termination obligations are unique and specific only to Defendants. There are no "substantial equivalents" available to Melt, nor can the required performance be purchased from another party. Given Plaintiff's arguments, the Court finds that an order requiring specific performance of the post-default and post-termination requirements of Section 12 and 14 of the Franchise Agreement is likely to succeed.

*(iii)    Breach of Written Contract*

In Massachusetts, a breach of contract is proven by a showing that (1) an agreement was made between the plaintiff and the defendant supported by valid consideration, (2) the plaintiff was ready, willing and able to perform, (3) the defendant failed to perform a material obligation under the agreement, and (4) the plaintiff suffered damage as a result of defendants's failure to perform. *See Singarella v. City of Boston*, 342 Mass. 385, 387 (1961). The plaintiff must do more than allege, in a conclusory fashion, that the defendant breached the contract, but instead describe with "substantial certainty," the contractual promise the defendant failed to keep. *Buck v. Am. Airlines, Inc.*, 476 F.3d 29, 38 (1st Cir. 2007).

The Court's analysis of the available evidence shows that Melt has a strong probability of success on its claim for breach of written contract against Defendants. Both parties agree that

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., *et al.* | | |

Plaintiff and Defendants entered into a Franchise Agreement on or about May 12, 2006. The terms of that agreement establishes that consideration was given on both sides. In exchange for paying royalties, promotion fees, and following franchise policies and procedures, Melt gave Defendants license to sell Melt gelato, use Melt's marks, and benefit from Melt's goodwill. (Complaint, ¶ 12-13). It is undisputed that Melt was ready, willing, and able to perform under the Franchise Agreement.

In Massachusetts, a material breach occurs when one party fails to perform "an essential and inducing feature of the contract." *Teragram Corp. v. Marketwatch.com, Inc.*, 444 F.3d 1, 11 (1st Cir. 2006). Here, the essential terms of the Franchise Agreement called for Defendants to pay weekly royalty fees, to pay marketing fees, and to present Melt with accurate weekly, monthly, and annual reports on gross sales. (Franchise Agreement, ¶¶ 9B, 9C, 9I.) From the evidence presented by Plaintiff, Defendants have violated every on of these obligations by intentionally understating or underreporting gross sales, failing to provide Melt with monthly reports of profit and loss, and failing to pay appropriate royalty and marketing fees. (Barwin Dec., Exs. 6-9; Achbadi Dec., ¶¶ 2, 4-5.) Defendants do not offer any defense or dispute any of these allegations. Moreover, Plaintiff was damaged as a result of the breach in the form of unpaid royalty and marketing fees. Thus, the Court concludes that Plaintiff has demonstrated a likelihood of success in proving a breach of written contract claim against Defendants.

        *(iv)    Accounting*

Plaintiff's sixth claim for relief is "accounting." Because this is a remedy and not a separate cause of action, the Court need not address whether Plaintiff has a high likelihood of success on this claim.

        *2.    Significant Risk of Irreparable Harm*

As mentioned earlier, irreparable injury is generally presumed in a trademark action, once the plaintiffs make a showing that they are likely to succeed on the merits. *Abercrombie & Fitch,* 486 F.3d at 633; *Visions Sports*, 888 F.2d at 612 n. 3. Plaintiff has made such a showing here. Plaintiff's declarations and exhibits show that Defendants continue to use Melt's registered marks. (Barwin Dec., ¶ 20-21, Ex. 7-10). By not opposing these allegations in their papers, Defendants concede that they are engaged in the continued unauthorized use of Melt's marks. This continued use unfailingly threatens injury to the economic value of the goodwill and reputation associated with Melt's marks. Plaintiff has no adequate compensatory relief for damages to reputation and goodwill given that they are difficult to calculate. Therefore, a

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., *et al.* | | |

significant risk of irreparable harm exists.

### 3. *Balance of Hardships*

In evaluating the balance of hardships, a court must consider the impact that granting or denying a motion for a preliminary injunction will have on the respective enterprises. *International Jensen, Inc. v. Metrosound USA, Inc.*, 4 F.3d 819, 827 (9th Cir. 1993). Here, the balance of hardships tips in favor of Plaintiff Melt. If the motion is denied, Melt faces the tarnishing of its goodwill and reputation with the public and the weakening of its trademark. Defendants burden, by contrast, is the loss of some profit. "Where the only hardship that the defendant will suffer is lost profits from an activity which has been shown to be infringing, such an argument in defense merits little equitable consideration." *Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc.*, 924 F. Supp. 1559, 1574 (S.D. Cal. 1996) (quoting *Concrete Machinery Co. v. Classic Lawn Ornaments, Inc.*, 843 F.2d 600, 612 (1st Cir. 1988)). As such, the Court finds that the equities favor granting the preliminary injunction.

### 4. *Public Interest*

Lastly, the Court finds that it is in the public interest to issue the preliminary injunction requested by Melt. "The public interest inquiry primarily addresses [the] impact on non-parties rather than parties." *Sammartano v. First Judicial District Court*, 303 F.3d 959, 974 (9th Cir. 2002). The focus of the public interest analysis is whether there exists some critical public interest that would be affected by the grant or denial of a preliminary injunction. *See Hybritech Inc. v. Abbott Lab.*, 849 F.2d 1446 (Fed. Cir. 1988).

Courts have held that there exists a strong public interest in preventing consumer confusion and fraud associated with trademark infringement. *See Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 905 (9th Cir. 2002); *see also Paisa Inc.*, 928 F. Supp. at 1013. A franchisee who once possessed authorization to use the trademarks of its franchisor becomes associated in the public's mind with the trademark holder. *See id*. at 1013 (citing *Church of Scientology Int'l v. Elmira Mission of Church of Scientology*, 794 F.2d 38, 44 (2d Cir. 1986)). When such a party loses its authorization yet continues to use the mark, the unauthorized use confuses and defrauds the public. *Id.* Therefore, it is in the public interest for the Court to grant a preliminary injunction.

In sum, the Court concludes that Plaintiff has adequately established its entitlement to a preliminary injunction.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-4148 PSG (MANx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., *et al.* | | |

### IV.    SANCTIONS

In its Opposition to Defendants' Motion to dismiss, Plaintiff summarily asks the Court to consider imposing sanctions against Defendant Flannery and/or Attorney Bleau. Plaintiff's argument in favor of sanctions consists of a one sentence allegation that Flannery and/or Attorney Bleau acted in bad faith, by purposefully filing this motion to dismiss despite the jurisdictional and venue provision in the Franchise Agreement. While Defendants' motivations for filing this motion are certainly suspect, the Court declines to impose sanctions, since Plaintiff has neither provided the legal basis under which it seeks sanctions, nor has it specified what type of sanctions it seeks. Therefore, the Court denies Plaintiff's request for sanctions.

### V.    CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss for lack of personal jurisdiction and improper venue or in the alternative to transfer venue. The Court also DENIES the imposition of sanctions against Defendants.

The Court GRANTS Plaintiff's Motion for a preliminary injunction. Accordingly, the Court hereby ORDERS Defendants, their agents, servants, employees, and all persons acting under, in concert with:

   a.   To comply with Section 13.D of the Franchise Agreement requiring them to allow Melt to assume management of the Melt Braintree Location;

   b.   To comply with Section 14.A of the Franchise Agreement requiring them to cease all use of Melt's Marks;

   c.   To comply with Section 14.A of the Franchise Agreement requiring them to submit all necessary paperwork to assign their lease for the Braintree Location to Melt; and

   d.   To comply with Section 14.B of the Franchise Agreement requiring them to sell all or any portions of the assets at the Braintree Location.

The Court orders Plaintiff Melt to post a **$15,000.00 bond** within ten days of the date of

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., *et al.* | | |

entry of the Preliminary Injunction. If Plaintiff fails to post the bond in a timely manner, the Preliminary Injunction will be vacated.


IT IS SO ORDERED.




                                                                                    :
                                                    Initials of Preparer    AB for WH