O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #43**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | September 25, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                                      Not Present

**Proceedings:** **(In Chambers) Order on Defendants' Ex Parte Application for Modification of Preliminary Injunction**

Pending before this Court is Defendants' Ex Parte Application for Modification of the Preliminary Injunction granted by the Court on August 18, 2008.  The Court finds the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local R. 7-15.  After considering the moving and opposing papers, the Court hereby DENIES Defendants' Application.

I.    BACKGROUND

On May 12, 2007, Plaintiff Melt Franchising, LLC ("Melt" or "Plaintiff") and Defendant John Flannery ("Flannery") entered into a written franchise agreement ("Franchise Agreement"). Subsequently, Flannery transferred the Franchise Agreement and the franchise business to his company, PMI Enterprises, Inc. ("PMI").[1]  The Franchise Agreement permitted Defendants to sell Melt gelato, operate a Melt gelato and crepe café in Braintree, Massachusetts, and use Melt's registered trademarks - "Melt gelato italiano," "Melt café & gelato bar," and "Melt gelato & crepe café (collectively "Melt Marks").  On May 1, 2008, Plaintiff terminated the Franchise Agreement for cause, allegedly due to Defendants' failure to pay royalties and promotion fees, follow franchise policies and procedures, maintain franchise quality standards, and provide timely financial reporting to Melt regarding its monthly sales.

On June 24, 2008, Plaintiff Melt filed an *ex parte* application for a temporary restraining

---

[1] Flannery and PMI are collectively referred to as "Defendants."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #43**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-4148 PSG (MANx) | Date | September 25, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., et al. | | |

order ("TRO") and issuance of order to show cause re preliminary injunction against Defendants. On July 10, 2008, Defendants brought a motion to dismiss Plaintiff's claims for lack of personal jurisdiction and improper venue; and alternatively, Defendants asked the Court to transfer the action to Massachusetts pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a). On August 4, 2008, the Court held a hearing to rule on both the Motion to Dismiss or Transfer and the Preliminary Injunction. On August 18, 2008, the Court Denied Defendants' Motion to Dismiss and GRANTED Plaintiff's Motion for Preliminary Injunction.

In this instant Motion filed on September 18, 2008, Defendants are seeking to modify the August 18, 2008 preliminary injunction. Defendants assert that the bond in the amount of $15,000.00 is insufficient to cover all foreseeable damages.

II.  LEGAL STANDARD

District courts have wide discretion in modifying a preliminary injunction if "the circumstances, whether law or fact, obtaining at the time of its issuance have changed, or new ones have arisen." *System Fed'n No. 91 v. Wright*, 364 U.S. 642, 347-48, 81 S.Ct. 368, 5 L. Ed. 2d 349 (1961). In determining whether modification should be granted, "[the] party seeking modification . . . of an injunction bears the burden of establishing that a significant change in facts or law warrants revision . . . of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000).

III.  DISCUSSION

Defendants have not established a significant change that would warrant modification of the preliminary injunction. Defendants bear the burden to show that the modification is warranted, but they have not shown any change in law or fact since the issuance of the preliminary injunction.

In fact, Defendants admit that the evidence presented in this Motion was available at the time of the injunction was issued. Defendants assert that they did not argue the merits of the injunction because they did not want to jeopardize their 12(b)(2) challenge. (Defs' Ex Parte 7: 3-5.) Defendants' understanding of the law is erroneous. The Ninth Circuit has held that a defendant's motion to dismiss for lack of personal jurisdiction is sufficient to avoid the waiver provision embodied in Rule 12 when the motion is raised in a timely manner. *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1319 (9th Cir. 1998). Since Defendants raised their 12(b)(2) motion in a timely manner, they would not have waived their right to challenge personal jurisdiction simply because they argued or presented evidence regarding the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #43**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | September 25, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., et al. | | |

preliminary injunction.

At the same time, Defendants argue that "the circumstances have changed substantially" since the Court's issuance of the injunction. (Defs.' Ex Parte 7:22.) But they have failed to meet their burden of proof. In the present Motion, Defendants are merely presenting potential damages/costs that they failed to raise before the issuance of the preliminary injunction. Defendants allege that Plaintiff has refused to pay for rent, equipment, and signs, has unlawfully used Defendants' general manager's personal check card,[2] has a history of non-payments, has other lawsuits filed against it, and has mismanaged the café. But none of these facts constitute a significant change that would warrant a modification of the bond amount. Defendants simply failed to present facts that were available to them before the preliminary injunction was issued.

A.   Rent Payment

Defendants' allegation of Plaintiff's refusal to pay back rent is not a new fact. Defendants point to the email correspondence on April 22, 2007, (Decl. Bleau, Ex.1), to support their claim that Plaintiff was responsible to cover rent until the opening of the café. (Defs.' Ex Parte 9:4-6; Defs.' Reply 3:5-10.) The April 22, 2007 email indicates that Plaintiff would be liable for Defendants' rent until opening of the café only if Plaintiff was the cause of delay, (Decl. Bleau, Ex.1), but there is no clear evidence indicating that Plaintiff is liable. In any event, the April 22, 2007 email and the rent issue could have been presented before the issuance of the preliminary injunction. Therefore, Defendants have not raised a new fact.

B.   Equipment & Signs

Similarly, Defendants' allegation that Plaintiff has refused to pay for the equipment is a cost that they failed to consider prior to the issuance of the preliminary injunction. Moreover, Defendants have not clearly established how Plaintiff has refused to pay for the equipment and how the Court's order has been violated. (Defs.' Ex Parte 8: 8-10.) By the same reasoning, Defendants' allegation regarding Plaintiff's refusal to make payments for signs at the café is also an issue that should have been raised earlier.

---

[2] Based on the evidence presented by Plaintiff, the charge to the general manager was a mistake. The matter seems to have been resolved based on the email and credit card statement provided by Plaintiff. See (Decl. Barwin, Ex.1-2.)

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #43**

CIVIL MINUTES - GENERAL

| Case No. | CV 08-4148 PSG (MANx) | Date | September 25, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., et al. | | |

      C.      History of Not Making Payments & Law Suits

     Defendants have not raised a new or changed fact by alleging that Plaintiff has previously failed to pay its vendors, (Defs.' Ex Parte 8:21-7), and has been sued by other parties. (Defs.' Ex Parte 9:26.) Defendants allege that Plaintiff was sued on December 6, 2007 for unpaid rent in Nevada. (Defs.' Ex Parte 9:26-28.) In addition, Defendants joined other franchisees in a class action lawsuit against Plaintiff on June 24, 2008. (Defs.' Ex Parte 10:1.) Since the lawsuits took place before the August 18, 2008 preliminary injunction, the lawsuits are not new facts. Defendants should have raised their concern before the Court issued the preliminary injunction, especially given that Defendants are involved in the class action suit against Plaintiff. The Court also fails to see how Defendants' allegations here are relevant to the modification of the bond amount. Again, Defendants have not met their burden in raising a new or changed fact.

      D.      Mismanagement

     Defendants' allegation that Plaintiff has mismanaged the café also does not warrant modification. (Defs.' Ex Parte 10:20-27.) Again, Defendants are now concerned with potential costs/damages as a result of the preliminary injunction. This is a concern that Defendants should have raised before the issuance of the injunction. Moreover, Defendants have not shown any specific damage amount resulting from the alleged mismanagement. Finally, the Court is not persuaded by the evidence presented to show that Plaintiff has mismanaged the café.
     Since Defendants have not raised any new fact or law, the Court DENIES Defendants' Ex Parte Application to modify the preliminary injunction.

IV.      CONCLUSION

     For the foregoing reasons, the Court DENIES Defendants' Ex Parte Application for an Order to Modify The Preliminary Injunction or in the Alternative for an Order to Shorten Time for a Motion to Modify the Preliminary Injunction.

**IT IS SO ORDERED.**