O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LINK #54

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):              Attorneys Present for Defendant(s):

Not Present                                                              Not Present

**Proceedings:**   (In Chambers) Order Denying Plaintiff's Motion to Stay Counterclaims

     Pending before this Court is Plaintiff's Motion to Stay Defendants' Counterclaims.  The Court finds the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local R. 7-15.  After considering the moving and opposing papers, the Court hereby DENIES Plaintiff's Motion.

I.     Background

     On May 12, 2007, Plaintiff Melt Franchising, LLC ("Melt" or "Plaintiff") and Defendant John Flannery entered into a written franchise agreement ("the Franchise Agreement").  Subsequently, Flannery transferred the Franchise Agreement and the franchise business to his company, PMI Enterprises, Inc. ("PMI").[1]  The Franchise Agreement permitted Defendants to sell Melt gelato, operate a Melt gelato and crepe café in Braintree, Massachusetts ("the Braintree location"), and use Melt's registered trademarks: "Melt gelato italiano," "Melt café & gelato bar," and "Melt gelato & crepe café" (collectively "Melt Marks").  On May 1, 2008, Plaintiff terminated the Franchise Agreement for cause, allegedly due to Defendants' failure to pay royalties and promotion fees, follow franchise policies and procedures, maintain franchise quality standards, and provide timely financial reporting to Melt regarding its monthly sales.

     On June 24, 2008, Melt filed suit against Defendants in federal court, asserting six causes of action: (1) trademark infringement, (2) false designation of origin, (3) injunctive relief, (4) breach of written contract, (5) specific performance, and (6) accounting.  Melt alleges

---

[1] Flannery and PMI are collectively referred to as "Defendants."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LINK #54

CIVIL MINUTES - GENERAL

| Case No. | CV 08-4148 PSG (MANx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., et al. | | |

Defendants expressly agreed that upon termination of the Franchise Agreement, Defendants would allow Melt to assume the management of the Braintree location and immediately and permanently stop using the Melt Marks. According to Melt's complaint, Defendants refused to stop operating the Braintree location and transfer control of the café to Melt. Melt claims that Defendants continue to sell "unauthorized gelato" using the Melt Marks. On August 18, 2008, the Court denied Defendants' motion to dismiss and granted Plaintiff's motion for a preliminary injunction.

On September 19, 2007, Defendants and other Melt franchisees filed a class action lawsuit against Melt in California Superior Court, asserting causes of action for violation of state franchise laws, business torts, fraud, unjust enrichment, interference with prospective economic advantage, and declaratory relief. (*See* Mulcahy Decl., Ex. A.) The state court recently sustained Melt's demurrer and dismissed those claims with prejudice, finding that, among other things, the Franchise Agreement contained a class action and multi-party litigation waiver provision and that the plaintiffs lacked sufficient unity of interest for a consolidated action. (*See* Mulcahy Decl., Ex. B.) On August 27, 2008, Defendants filed a Notice of Appeal in the state court action. (*See* Mulcahy Decl., Ex. C.)

In the instant case, Defendants filed their answer and counterclaims on September 4, 2008. Defendants' counterclaims include six causes of action: (1) violation of Cal. Corp. Code § 31201 (franchise laws), (2) violation of Cal. Bus. & Prof. Code §§17200, *et seq.*, (3) violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*, (4) fraud, (5) unjust enrichment, and (6) declaratory relief. Defendants' principal allegation is that Melt fraudulently induced them to enter into the Franchise Agreement. On October 2, 2008, Melt filed this motion to stay Defendants' counterclaims.

II. Legal Standard

In the interest of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," a district court may stay federal proceedings where a concurrent state action is pending in which identical issues are raised. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 815, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). However, because federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred upon them, a district court should stay proceedings only upon a showing of "exceptional circumstances." *Id.* at 813; *Snodgrass v. Provident Life & Acc. Ins. Co.*, 147 F.3d 1163, 1167-68 (9th Cir. 1998); William W. Schwarzer, A. Wallace Tashima, & James M. Wagstaffe, Federal Civil Procedure Before Trial § 2:1321.1-3 (The Rutter Group

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LINK #54

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., et al. | | |

2008). The Supreme Court has laid out a number of factors that district courts should consider when determining whether to grant a stay: (1) whether the state or federal court has exercised jurisdiction over a *res*, (2) the inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, (4) the order in which the forums obtained jurisdiction, (5) whether federal or state law controls the decision on the merits, and (6) whether the state court can adequately protect the rights of the parties. *40235 Wash. St. Corp. v. Lusardi*, 976 F.2d 587, 588 (9th Cir. 1992) (citations omitted).

III. <u>Discussion</u>

Before applying the *Colorado River* test, the Court must determine whether the federal and state actions are sufficiently parallel—that is, whether they involve "substantially the same parties . . . litigating the same issues in different forums." *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1170 (C.D. Cal. 2008). "[E]xact parallelism" between the state and federal suits is not required in order for the district court to grant a stay. *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). In the instant case, Defendants argue that the cases are not sufficiently similar to warrant a stay because the state litigation, a class action suit, involves thirteen plaintiffs who are not parties to the federal action. Despite the existence of these additional plaintiffs in the state litigation, the Court finds that Defendants' claims in that suit and in this federal proceeding are substantially similar. The Defendants' federal counterclaims consist of six causes of action which mirror the claims asserted by Defendants and the other plaintiffs in the state case. (*See* Counterclaims; Mulcahy Decl., Ex. A.) Therefore, the state court litigation provides an adequate vehicle for resolution of Defendants' claims against Melt, even though it will not end the litigation between the parties. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983); *Countrywide*, 542 F. Supp. 2d at 1171 (holding that a partial stay is permissible under *Colorado River* even if the state court case will not "end the litigation" between the parties).

Next, the Court must determine whether the relevant factors weigh in favor of a stay. The first two *Colorado River* factors are not relevant here. Melt argues that the third factor, avoidance of piecemeal litigation, favors granting the stay. It contends that this Court and the state court may make different determinations of fact and law on the same issues, and that it will suffer hardship if the stay is not granted because it will be forced to litigate the same issues twice.

Some courts have noted that whenever duplicative litigation exists, the possibility of inconsistent judgments also exists. *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 498

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LINK #54

CIVIL MINUTES - GENERAL

| Case No. | CV 08-4148 PSG (MANx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., et al. | | |

(5th Cir. 2002). The Ninth and Third Circuits have observed that if the avoidance of piecemeal litigation factor were met any time that state and federal proceedings could expose one or more parties to the risk of conflicting results—as is the case whenever there are parallel proceedings—then the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them" recognized in *Colorado River* would be eviscerated, a result which the Supreme Court must not have intended when it set forth this factor. *Ryan v. Johnson*, 115 F.3d 193, 198 (3d Cir. 1997) (citing *Colorado River*, 424 U.S. at 817); *United States v. Morros*, 268 F.3d 695, 706-707 (9th Cir. 2001). Therefore, the Ninth Circuit has explained that the concern for avoidance of piecemeal litigation weighs in favor of a stay only when "there is evidence of a strong federal policy that all claims should be tried in the state courts." *Morros*, 268 F.3d at 706-07. No such clear federal policy exists here.[2] Furthermore, the risk of inconsistent judgments can be obviated through *res judicata*, particularly in this case, where the state court has not yet reached the merits of the claims. *See Kelly*, 315 F.3d at 498. Therefore, this factor does not support granting a stay.

The fourth factor focuses on how much progress has been made in the two actions. *Cone*, 460 U.S. at 21; *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1370 (9th Cir. 1990). Here, while the state court action was filed ninth months before the federal action, there has been no substantial progress in either case. The state court has not addressed the merits of the claims; that case was dismissed on a procedural issue, a ruling which the state plaintiffs have appealed. In the federal proceedings, this Court granted Melt's motion for a preliminary injunction, and Defendants recently filed their answer and counterclaims. The parties have not conducted discovery in either case. Accordingly, this factor is neutral. *See Travelers*, 914 F.2d at 1370.

The fifth factor, whether state or federal law provides the rule of decision on the merits of the claims, will weigh in favor of stay only "in some rare circumstances." *Cone*, 460 U.S. at 26. The existence of state law issues, by itself, does not outweigh the federal court's obligation to provide a prompt resolution of all the claims before it, state and federal. *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 915 (9th Cir. 1993); *Travelers*, 914 F.2d at 1370; Schwarzer, et al. § 2.1322.9. Since Defendants' counterclaims involve routine issues of state law that this Court is fully capable of deciding, there are no "rare circumstances" here that would justify a stay. *See Travelers*, 914 F.2d at 1370; *Intel*, 12 F.3d at 915.

---

[2] *Colorado River* involved water rights, and the "paramount" factor justifying abstention was the existence of a federal statute and its policy against piecemeal litigation of water disputes. *See Ryan*, 115 F.3d at 197; *Colorado River*, 424 U.S. at 819; *Cone*, 460 U.S. at 20.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**LINK #54**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., et al. | | |

The sixth factor requires the Court to determine whether the state court proceedings will adequately protect the federal rights of the party invoking this Court's jurisdiction. *Cone*, 460 U.S. at 25-26. The Ninth Circuit has apparently applied this favor only in favor of federal jurisdiction, and not against it. *Travelers*, 914 F.2d at 1370. In this case, the Defendants' counterclaims invoke no federal rights. Therefore, this factor is neutral.

The Court must balance the above factors to determine whether to grant a stay, "with the balance heavily weighted in favor of the exercise of federal jurisdiction." *Travelers*, 914 F.2d at 1372 (citing *Cone*, 460 U.S. at 16). Here, no exceptional circumstances warrant a stay. Furthermore, Melt seeks to stay Defendants' counterclaims while pursuing its own claims, including a claim for breach of contract. One of Defendants' affirmative defenses is that Melt fraudulently induced Defendants to enter into the contract. As such, at least some of Melt's causes of action, Defendants' defenses, and Defendants' counterclaims involve common questions of law and fact. Therefore, the policy favoring "conservation of judicial resources and comprehensive disposition of litigation" would be furthered by hearing these claims together, rather than staying the counterclaims while allowing the rest of the case to go forward. This litigation cannot be divided "neatly and without overlap." *Compare Countrywide*, 542 F. Supp. 2d at 1174.

IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Stay Counterclaims is DENIED.

**IT IS SO ORDERED.**