O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#72

CIVIL MINUTES - GENERAL

| Case No. | CV 08-4148 PSG (MANx) | Date | January 2, 2009 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):　　　　Attorneys Present for Defendant(s):

　　　　Not Present　　　　　　　　　　　　　　Not Present

**Proceedings:**　　(In Chambers) Order on Plaintiff's Motion to Dismiss Counterclaims

　　　　Pending before this Court is Plaintiff's Motion to Dismiss Defendants' First, Second, Third, and Fifth Counterclaims. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS in part and DENIES in part Plaintiff's Motion.

I.　　Background

　　　　On May 12, 2007, Plaintiff Melt Franchising, LLC ("Melt") and Defendant John Flannery entered into a written franchise agreement ("the Franchise Agreement"). Subsequently, Flannery transferred the Franchise Agreement and the franchise business to his company, PMI Enterprises, Inc. ("PMI").[1] The Franchise Agreement permitted Defendants to sell Melt gelato, operate a Melt gelato and crepe café in Braintree, Massachusetts ("the Braintree location"), and use Melt's registered trademarks: "Melt gelato italiano," "Melt café & gelato bar," and "Melt gelato & crepe café" (collectively "Melt Marks"). On May 1, 2008, Melt terminated the Franchise Agreement for cause, allegedly due to Defendants' failure to pay royalties and promotion fees, follow franchise policies and procedures, maintain franchise quality standards, and provide timely financial reporting to Melt regarding its monthly sales.

　　　　On June 24, 2008, Melt filed suit against Defendants, asserting six causes of action: (1) trademark infringement, (2) false designation of origin, (3) injunctive relief, (4) breach of written contract, (5) specific performance, and (6) accounting. Melt alleged that Defendants expressly

---

[1] Flannery and PMI are collectively referred to herein as "Defendants."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#72

CIVIL MINUTES - GENERAL

| Case No. | CV 08-4148 PSG (MANx) | Date | January 2, 2009 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc. | | |

agreed that upon termination of the Franchise Agreement, Defendants would allow Melt to assume the management of the Braintree location and immediately and permanently stop using the Melt Marks. According to Melt's complaint, Defendants refused to stop operating the Braintree location and to transfer control of the café to Melt. On August 18, 2008, the Court denied Defendants' motion to dismiss the complaint and granted Melt's motion for a preliminary injunction.

On September 4, 2008, Defendants filed their answer and counterclaims, which include six causes of action: (1) violation of California and Massachusetts franchise laws, (2) violation of Cal. Bus. & Prof. Code §§17200, *et seq.*, (3) violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*, (4) fraud, (5) unjust enrichment, and (6) declaratory relief. Melt now moves to dismiss Defendants' California statutory claims on the grounds that Massachusetts law controls this case pursuant to a valid choice-of-law provision in the Franchise Agreement. Melt also seeks dismissal of Defendants' unjust enrichment counterclaim.

II.     Legal Standard

Under Fed. R. Civ. P. Rule 12(b)(6), a party may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, even though a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level. *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and construe all reasonable inferences in the light most favorable to the plaintiff. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993).

III.    Discussion

   A.     California Statutory Claims

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#72

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | January 2, 2009 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc. | | |

  Defendants' first cause of action is for damages and injunctive relief under Cal. Corp. Code § 31201 and Mass. Gen. Laws Ann. ch. 93A, *et seq*. The second and third counterclaims are based on alleged violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§17200 *et seq*., and Fair Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq*., respectively. Melt argues that Defendants' California statutory causes of action must be dismissed because the Massachusetts choice-of-law clause in the Franchise Agreement controls this action. Defendants contend that the contractual choice-of-law provision does not apply to their counterclaims, which sound in tort.

  The Franchise Agreement provides, in relevant part:

> [T]he parties' rights under this Agreement, and the relationship between the parties is governed by, and will be interpreted in accordance with, the laws (statutory and otherwise) of the state in which the Authorized Location is located. You waive, to the fullest extent permitted by law, the rights and protections that might be provided through the laws of any state relating to franchises or business opportunities, other than those of the state in which the Authorized Location is located.

Franchise Agreement ¶ 15(H)(1). The franchise at issue here is located in Massachusetts. Therefore, if the parties' choice-of-law provision is valid and applies to Defendants' counterclaims, the California statutory counterclaims must be dismissed. *See Medimatch, Inc. v. Lucent Techs. Inc.*, 120 F. Supp. 2d 842, 862 (N.D. Cal. 2000); *Continental Airlines v. Mundo Travel Corp.*, 412 F. Supp. 2d 1059, 1070 (E.D. Cal. 2006) (finding that a valid choice-of-law provision selecting another state's law is grounds to dismiss a claim under California's UCL).

  As an initial matter, this Court must apply California choice of law principles in order to determine the validity and scope of the parties' choice of law clause. *See Shannon-Vail Five, Inc. v. Bunch*, 270 F.3d 1207, 1210 (9th Cir. 2001). California courts have held that "[w]hen two sophisticated, commercial entities agree to a choice-of-law clause like the one in this case, the most reasonable interpretation of their actions is that they intended for the clause to apply to all causes of action arising from or related to their contract." *Olinick v. BMI Entertainment*, 138 Cal. App. 4th 1286, 1297, 42 Cal. Rptr. 268 (2006) (citing *Nedloyd Lines B.V. v. Sup. Ct.*, 3 Cal. 4th 459, 468, 11 Cal. Rptr. 2d 330 (1992)); *see also VFD Consulting, Inc. v. 21st Servs.*, 425 F. Supp. 2d 1037, 1047 (N.D. Cal. 2006) (holding that a choice-of-law provision encompassed "all causes of action arising out of, or related to, the agreement," including fraud, negligence, and trade secret claims). In *Nedloyd Lines*, the contract provided: "This agreement shall be governed

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#72

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | January 2, 2009 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc. | | |

by and construed in accordance with Hong Kong law." *Id*. at 469 n.7. The California Supreme Court held that the parties' choice of law controlled tort claims arising out of the agreement, reasoning:

> We seriously doubt that any rational businessperson, attempting to provide by contract for an efficient and business-like resolution of possible future disputes, would intend that the laws of multiple jurisdictions would apply to a single controversy having its origin in a single, contract-based relationship. Nor do we believe such a person would reasonably desire a protracted litigation battle concerning only the threshold question of what law was to be applied to which asserted claims or issues. Indeed, the manifest purpose of a choice-of-law clause is precisely to avoid such a battle.

3 Cal. 4th at 469-70.

In the instant case, the language of the choice-of-law clause is even broader than the clause in *Nedloyd Lines*; the Franchise Agreement states that "the parties' rights under this Agreement, and the relationship between the parties is governed by" Massachusetts law. Franchise Agreement ¶ 15(H)(1). *See also VFD Consulting*, 425 F. Supp. 2d at 1046 (holding contractual provision stating "Minnesota law shall govern this agreement" applicable to tort claims). Thus, the Franchise Agreement clearly contemplated that any disputes, whether sounding in tort or contract law, which arose out of the Agreement and the parties' business relationship would be governed by Massachusetts law.[2] Defendants' contention otherwise is

---

[2] The cases cited by Defendants do not compel a different result. *Consolidated Data Terminals v. Applied Digital Data Sys., Inc*., 708 F.2d 385 (9th Cir. 1983) held, in a footnote, that tort claims which were unrelated to the parties' contract were not governed by a choice-of-law clause. *Id.* at 391 n.3. In contrast, here, the tort claims are related to the Franchise Agreement, and the choice-of-law clause provides that Massachusetts law governs the "relationship between the parties," not merely "the agreement."

Further, Defendants have completely micharacterized the holding of *Bank of America v. Hensely Props., L.P.*, No. 2:07-cv-1584, 2007 U.S. Dist. LEXIS 95587 (E.D. Cal. Dec. 28, 2007). Rather than holding that a contractual "choice of law provision only applies to tort claims when it arises out of the contract and when a party files a complaint or counterclaims

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#72

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | January 2, 2009 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc. | | |

"more likely the product of postdispute litigation strategy, not predispute contractual intent." *Nedloyd Lines*, 3 Cal. 4th at 470.

Having determined the scope of the choice-of-law clause in the Franchise Agreement, the Court next turns to its validity. The Court must enforce the choice-of-law provision clause unless: (1) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (2) application of the chosen law would conflict with a fundamental public policy of California. *Id*. at 465.

First, the Court considers whether there is a substantial relationship between Massachusetts law and the parties or their transaction. Here, Defendant and Counterclaimant PMI is a Massachusetts corporation, and the subject of the Franchise Agreement is a Melt franchise in Braintree, Massachusetts. Therefore, the first prong of the test is met. *See id.* at 467.

Next, the Court must determine whether application of Massachusetts law in this case would be contrary to a fundamental policy of California. "The mere fact that the chosen law provides greater or lesser protection than California law, or that in a particular application the chosen law would not provide protection while California law would, are not reasons for applying California law." *Medimatch*, 120 F. Supp. 2d at 862. The Court must apply Massachusetts law unless it is so offensive to California public policy as to be "prejudicial to recognized standards of morality and to the general interest of the citizens." *Id*. (citing *Wong v. Tenneco*, 39 Cal. 3d 126, 135-36, 216 Cal. Rptr. 412 (1985)). Defendants have not shown that California public policy would be so offended by application of Massachusetts law here. Therefore, the counterclaims based on California statutory law must be dismissed. *See id*; *Continental Airlines*, 412 F. Supp. 2d at 1070.

    B.    <u>Unjust Enrichment</u>

Lastly, Melt contends that Defendants' cause of action for unjust enrichment must be dismissed because there can be no valid claim for quasi-contract or an implied-in-law contract where, as here, a written contrast exists. Melt is correct that Defendants may not *recover* on

---

under breach of contract for statutory violations," as Defendants assert, *Bank of America* actually supports the result here. *See id.* at *7 (enforcing contractual choice-of-law clause as to fraud and breach of fiduciary duty claims).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#72**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | January 2, 2009 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc. | | |

both implied and express contract theories. However, the fact that Defendants have alleged the existence of a written contract does not preclude them from pleading unjust enrichment as an alternate theory of recovery. *See., e.g., Savidge v. TransCanada Power Mktg., Ltd.*, 23 Mass. L. Rep. 149, at *7 (2007); *Meredith & Grew, Inc. v. Worcester Lincoln, LLC*, 64 Mass. App. Ct. 142, 152 (2005); *Lantz v. Chandler*, 340 Mass. 348, 348-50 (1960). Therefore, the motion to dismiss Defendants' fifth counterclaim is DENIED.

IV.     Conclusion

For the foregoing reasons, Melt's motion to dismiss is:

1. GRANTED as to the California claim and DENIED as to the Massachusetts claim in Defendants' first cause of action;

2. GRANTED as to the second and third counterclaims; and

3. DENIED as to the fifth counterclaim.

Defendants may file an amended complaint which includes causes of action under Massachusetts law only.

**IT IS SO ORDERED.**