O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#87

CIVIL MINUTES - GENERAL

| Case No. | CV 08-4148 PSG (MANx) | Date | March 24, 2009 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):         Attorneys Present for Defendant(s):

Not Present                                              Not Present

**Proceedings:**     (In Chambers) Order Denying Defendants' Petition for an Order to Show Cause Re: Civil Contempt and Sanctions

Before the Court is Defendants' petition for an order to show cause ("OSC") re: civil contempt and sanctions. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving papers, the Court hereby DENIES the petition.

I.     Background

On May 12, 2007, Plaintiff Melt Franchising, LLC ("Melt" or "Plaintiff") and Defendant John Flannery ("Flannery") entered into a written franchise agreement ("Franchise Agreement"). Subsequently, Flannery transferred the Franchise Agreement and the franchise business to his company, PMI Enterprises, Inc. ("PMI").[1] The Franchise Agreement permitted Defendants to sell Melt gelato, operate a Melt gelato and crepe café in Braintree, Massachusetts, and use Melt's registered trademarks: "Melt gelato italiano," "Melt café & gelato bar," and "Melt gelato & crepe café (collectively "Melt's Marks"). On May 1, 2008, Plaintiff terminated the Franchise Agreement for cause, allegedly due to Defendants' failure to pay royalties and promotion fees, follow franchise policies and procedures, maintain franchise quality standards, and provide timely financial reporting to Melt regarding its monthly sales.

On June 24, 2008, Plaintiff filed an *ex parte* application for a temporary restraining order ("TRO") and issuance of order to show cause re: preliminary injunction against Defendants. On

---

[1] Flannery and PMI are collectively referred to as "Defendants."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#87

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | March 24, 2009 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., et al. | | |

August 18, 2008, the Court granted Plaintiff's motion for a preliminary injunction, ruling as follows:

> The Court hereby ORDERS Defendants, their agents, servants, employees, and all persons acting under, in concert with:
>
> a.   To comply with Section 13.D of the Franchise Agreement requiring them to allow Melt to assume management of the Melt Braintree Location;
>
> b.   To comply with Section 14.A of the Franchise Agreement requiring them to cease all use of Melt's Marks;
>
> c.   To comply with Section 14.A of the Franchise Agreement requiring them to submit all necessary paperwork to assign their lease for the Braintree Location to Melt; and
>
> d.   To comply with Section 14.B of the Franchise Agreement requiring them to sell all or any portions of the assets at the Braintree Location.

Order of August 18, 2008 (Docket No. 34). The Court also ordered Plaintiff to post a $15,000 bond. Defendants now request that the Court issue an OSC re: civil contempt and sanctions.

II.   Legal Standard

Federal courts have both inherent and statutory authority to punish a party for failure to comply with the terms of a preliminary injunction and to coerce compliance with court orders. William W. Schwarzer, A. Wallace Tashima, and James M. Wagstaffe, Federal Civil Procedure Before Trial §13:229 (The Rutter Group 2008) (citing *Int'l Union, UMVA v. Bagwell*, 512 U.S. 821, 831-32, 114 S. Ct. 2552, 129 L. Ed. 2d 642 (1994)). The purpose of civil contempt sanctions is to compensate the complainant for losses caused by the violation and to coerce compliance with the injunction. Schwarzer, et al. § 13:232 (citing *Int'l Union*, 512 U.S. at 827-29).

In an application for an OSC, the moving party must cite the injunctive provision(s) at issue and allege that the enjoined party has not complied with the court's order. *Reynolds v.*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#87**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4148 PSG (MANx) | Date | March 24, 2009 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., et al. | | |

*Roberts*, 207 F.3d 1288, 1298 (11th Cir. 2000). "If the court is satisfied that the [complainant]'s motion states a case of non-compliance, the court orders the [enjoined party] to show cause why he should not be held in contempt and schedules a hearing for that purpose." *Id*.

III.     Discussion

Defendants ask the Court to hold Plaintiff in contempt, contending that Plaintiff has violated the preliminary injunction by (1) failing to properly manage the Braintree location and (2) not purchasing all assets from Defendants. According to Defendants, they transferred control of the Braintree Location to Plaintiff and vacated the premises on September 9, 2008. Defendants claim that Plaintiff subsequently failed to pay rent, charged Defendants unnecessary fees, refused to pay for assets left at the store, failed to pay vendors for services and products, and ran the business into the ground. On November 30, 2008, Plaintiff purportedly vacated the Braintree location because it was not profitable. Defendants argue that Plaintiff's actions violated provisions (a) and (d) of the Court's order, which stated:

> The Court hereby ORDERS Defendants, their agents, servants, employees, and all persons acting under, in concert with:
>
> a.     To comply with Section 13.D of the Franchise Agreement requiring them to allow Melt to assume management of the Melt Braintree Location;

and

> d.     To comply with Section 14.B of the Franchise Agreement requiring them to sell all or any portions of the assets at the Braintree Location.

While the above provisions enjoined *Defendants*, the Court's Order cannot be read as mandating that Plaintiff (1) properly manage the business and (2) purchase all of the assets. Rather, it required *Defendants* to "*allow Melt to assume management* of the Braintree location" and to "*sell* all or any portions of the assets at the Braintree location." It was Plaintiff, not Defendants, who originally sought to enjoin the opposing party. By its plain language, the Court's Order only required of Plaintiff that it post a $15,000 bond, which Plaintiff did on August 27, 2008.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#87**

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-4148 PSG (MANx) | Date | March 24, 2009 |
|---|---|---|---|
| Title | Melt Franchising, LLC v. PMI Enterprises, Inc., et al. | | |

      When this Court issued the preliminary injunction, it was mindful of the rule that it must "frame its orders so that those who must obey them will know what the court intends to require and what it means to forbid." *Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76, 88 S. Ct. 201, 19 L. Ed. 2d 236 (1967). The Court's Order did *not* enjoin Plaintiff from engaging in the conduct for which Defendant now seeks sanctions of over $1.7 million or compel Plaintiff to act in the ways that Defendants suggest. If Defendants' allegations are true, Plaintiff might be liable for breach of contract or violations of other laws. However, Defendants have not stated a case of non-compliance with the Court's Order against Plaintiff.

IV.    <u>Conclusion</u>

      For the foregoing reasons, Defendants' petition for an OSC re: civil contempt and sanctions is DENIED. The hearing set for April 6, 2009 is hereby VACATED.

      **IT IS SO ORDERED.**